UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present: Judges McCullough, Decker and Senior Judge Felton


ASHLY NICOLE BROWN

MEMORANDUM OPINION[*]

v.     Record No. 1232-15-1                                   PER CURIAM
                                                           FEBRUARY 9, 2016

MARVIN WILLIAMS AND
 SANDRA WILLIAMS


FROM THE CIRCUIT COURT OF SOUTHAMPTON COUNTY
Carl E. Eason, Jr., Judge

(Robert W. Jones, Jr.; Jones & Jones, P.C., on brief), for appellant.
Appellant submitting on brief.

(Richard E. Railey, Jr.; Railey and Railey, P.C., on brief), for
appellees.  Appellees submitting on brief.


Ashly Nicole Brown appeals an interlocutory order of adoption.  Brown argues that the

"evidence did not support the Court's finding of consent being withheld contrary to the best

interest[s] of the child," as set forth in Code § 63.2-1205.  Upon reviewing the record and briefs of

the parties, we conclude that the trial court did not err.  Accordingly, we affirm the decision of the

trial court.

BACKGROUND

Brown gave birth to the child, J., in August 2004.  At the time of the child's birth, Brown

was seventeen years old and incarcerated.  She placed the child with Marvin and Sandra Williams

(collectively known as the Williamses).  The child has lived with them since her birth.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

In December 2014, the Williamses filed a "Petition to Adopt a Child." On July 7, 2015, the circuit court held a hearing on their petition. Evidence was presented that Brown has been incarcerated for much of the child's life and currently is in prison. Her expected release date is January 21, 2020, although she testified that she could be released earlier. According to Mrs. Williams, Brown has had "very little contact" with the child, and most of the contact was initiated by the child or the Williamses. Brown has not provided any support for the child. Brown testified that she did not consent to the adoption. She wanted to continue the current custody arrangements. She admitted that the Williamses "had done a wonderful job raising her daughter." After hearing all of the evidence and argument, the trial court found that Brown's consent was being withheld contrary to the best interests of the child and that the best interests of the child would be promoted by the adoption.[1] On July 16, 2015, the circuit court entered the interlocutory order for adoption. This appeal followed.

ANALYSIS

Brown argues that the trial court erred in finding that she withheld her consent to adoption, contrary to the child's best interests.

"Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Martin v. Pittsylvania Cty. Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986) (citations omitted).

"We have consistently held that to grant a petition for adoption over a birth parent's objection, there must be more than a mere finding that the adoption would promote the child's best interests." Copeland v. Todd, 282 Va. 183, 197, 715 S.E.2d 11, 19 (2011) (citing Malpass v. Morgan, 213 Va. 393, 398-99, 192 S.E.2d 794, 798-99 (1972)). "Virginia's statutory scheme for

---

[1] The child's biological father previously had given his consent to the adoption.

adoption, including Code §§ 63.2-1205 and -1208, defines the best interests of the child in terms that require more expansive analysis than when the contest is between two biological parents." Id. at 199, 715 S.E.2d at 20.

Code § 63.2-1205 states:

> In determining whether the valid consent of any person whose consent is required is withheld contrary to the best interests of the child, or is unobtainable, the circuit court or juvenile and domestic relations district court, as the case may be, shall consider whether granting the petition pending before it would be in the best interest of the child. The circuit court or juvenile and domestic relations district court, as the case may be, shall consider all relevant factors, including the birth parent(s)' efforts to obtain or maintain legal and physical custody of the child; whether the birth parent(s) are currently willing and able to assume full custody of the child; whether the birth parent(s)' efforts to assert parental rights were thwarted by other people; the birth parent(s)' ability to care for the child; the age of the child; the quality of any previous relationship between the birth parent(s) and the child and between the birth parent(s) and any other minor children; the duration and suitability of the child's present custodial environment; and the effect of a change of physical custody on the child.

The Williamses produced evidence that Brown placed the child in their custody at the child's birth, and the child has lived with them her entire life. At the time of the hearing, the child was almost eleven years old. Mrs. Williams testified that Brown had not provided for the child. Brown was unable to assume custody of the child due to her incarceration. At the trial, Brown testified that she expected to be released from prison on January 21, 2020, or earlier. Brown has had very little contact with the child, and any contact that she did have was initiated by the child or the Williamses. The trial court found that the Williamses were "financially able, morally suitable, and in satisfactory physical and mental health, and proper persons to maintain, care for and train the infant child . . . ." Contrary to Brown's argument, the record indicates that the trial court considered the factors in Code § 63.2-1205.

The trial court did not err in holding that Brown's consent to the adoption was being withheld contrary to the best interests of the child and entering the interlocutory adoption order.

CONCLUSION

For the foregoing reasons, the trial court's ruling is affirmed.

Affirmed.